IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MOHAMMAD JABBAR, M.D.,** | |
| **Plaintiff,** | |
| v. | Case No. 25-cv-00313-SPM |
| **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS et al.,** | |
| **Defendants.** | |

# PROTECTIVE ORDER

The parties moved this Court for entry of this Agreed Protective Order. The Court finds good cause for issuing a protective order and states as follows:

**IT IS HEREBY ORDERED THAT**:

1. In the above-captioned matter, Plaintiff seeks to receive a complete, unredacted copy of a file maintained by Defendants ("the Evidence File") as to an ongoing administrative action concerning Plaintiff's clinical privileges at the Marion VA Medical Center ("the Administrative Action").[1] (*See* Doc. 1). Plaintiff alleges he and his counsel must receive a physical copy of the Evidence File to fully prepare for a final hearing set to occur in the Administrative Action. (*Id.*).

2. Subject to and without waiving Defendants' objections to disclosure of the Evidence File, counsel for the parties have conferred and confirmed Defendants' willingness to turn over the sought Evidence File subject to entry of this Protective

---

[1] Plaintiff alleges having received an incomplete and heavily redacted copy of the Evidence File, including a portion of the Investigative Report of the Administrative Investigative Board. (*See* Doc. 1, ¶¶ 38-39).

Order.

3.  Defendants' production of the Evidence File will result in the disclosure of confidential and private materials. This includes but is not limited to documents concerning sensitive allegations against Plaintiff, such as information, statements, and medical records of patients previously seen by Plaintiff. The bulk of such materials arguably implicate privacy laws, including but not limited to The Privacy Act of 1974 ("the Privacy Act") and the Health Insurance Portability and Accountability Act ("HIPAA"), as well as peer review protections and regulations.

4.  Pursuant to 5 U.S.C. § 552a(b)(12), 38 U.S.C. § 7332, and this Court's inherent authority, it is necessary and appropriate to enter this Protective Order to permit and govern disclosure of the Evidence File, including documents and information therein presenting privacy or security concerns and/or otherwise protected from disclosure under the Privacy Act, HIPAA, and applicable privacy laws.

5.  Documents produced by Defendants pursuant to this Protective Order shall be clearly marked and identified as "CONFIDENTIAL". An inadvertent failure to designate a document as CONFIDENTIAL does not, standing alone, waive the right to so designate the document. Documents produced in this matter shall be disclosed or made available only to the following persons: counsel of record, Plaintiff, the Fair Hearing Panel, and witnesses (including any retained expert witnesses) during the Administrative Action. Other persons may be permitted to receive the subject documents by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. These persons shall not use, disclose,

and/or disseminate such documents other than for purposes directly related to the Administrative Action, and shall not disclose and/or disseminate such documents to any others not associated with the Administrative Action. These other persons shall execute the Acknowledgment of Protective Order attached herein.

6. This Protective Order does not restrict, limit, alter, and/or affect the access of any employees of Defendants or other federal agencies who would be otherwise permitted to access the Evidence File in the scope of their employment. Federal employees who have authority to access said materials may do so with such access not subject to the terms of this Protective Order.

7. If materials subject to this Protective Order are used in any proceeding, they shall not lose their protection through such use and all parties shall take all steps reasonably required to protect such information. In this respect, if the materials are to be used or referenced in pleadings, motions, the Administrative Action, hearing, and/or at trial, the materials shall be maintained under seal until such time as the Court can examine and determine whether they may be made public.

8. Nothing herein shall be deemed a waiver of any privilege held by Defendants, including but not limited to attorney-client privilege, work product, and/or deliberative process privilege. Nothing herein shall be construed to require counsel to continually label their notes and work product as "CONFIDENTIAL".

9. Within thirty (30) days of final disposition of the final hearing set to occur in the Administrative Action, Plaintiff and his counsel shall destroy any paper copies of the tendered Evidence File (and documents therein) in their possession, as well as

delete any digital copies of the tendered Evidence File (and documents therein) in their possession.

10. Within thirty (30) days of final disposition of the final hearing set to occur in the Administrative Action, Plaintiff and his counsel shall file a sworn certificate with this Court verifying the aforementioned destruction and/or deletion of the Evidence File (and documents therein).

11. In the event a dispute arises over the designation, production, and/or redaction of documents subject to this Protective Order, the parties shall first seek to resolve such a dispute by agreement and without involvement of the Court.

12. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial, hearing, or during the course of the Administrative Action.

**IT IS SO ORDERED.**

**DATED: May 16, 2025**

<u>s/ Stephen P. McGlynn</u>
STEPHEN P. McGLYNN
**U.S. District Judge**
